UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CASEY K CLINE, | CASE NO. C17-5828RBL |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | |
| SAFEWAY INC, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Cline's Motion to Remand. [Dkt. # 9] Cline was injured in a slip and fall accident at a Safeway store in Bremerton. She sued Safeway (an out-of-state corporation) and two "Doe" defendants in state court. The amount in controversy exceeds $75,000.

Safeway timely removed the case here, invoking the Court's diversity jurisdiction. 28 U.S.C. §1332. It claimed, and continues to claim, that the fictitious defendants are sham defendants fraudulently named to destroy diversity, and that their alleged citizenship should be disregarded for purposes of diversity jurisdiction. It also argues that "doe" defendants are not considered in determining diversity (even if they are not fraudulently joined). *See Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1527 (9th Cir. 1989). *See also Kruso v. International Telephone &*

*Telegraph Corp.*, 872 F.2d 1416, 1424, 1425 (9th Cir. 1989) (with this 1988 amendment, "the naming of Doe defendants no longer defeats diversity jurisdiction"). [Dkt. # 10 at 3]

Cline argues that the two "Doe" defendants she named are not purely fictitious; she named a specific manager (Karen Doe Manager) with whom she had contact on the day of the accident, and another specific employee—she knew the actual persons, but not their actual names, which is materially different than just naming a John Doe with no idea who that person is. She also argues that her claims against these individuals are not fraudulent or sham, and that Safeway cannot adjudicate the plausibility of those claims in opposing remand.

The Court agrees that Safeway has not established that the Doe individuals were fraudulently named to defeat diversity. Nevertheless, the Rule in the Circuit is that the citizenship of Doe defendants is not considered for evaluating diversity jurisdiction. Of course, if these individuals are identified and named, and diversity is destroyed, we may re-visit this issue as well as the viability of such claims under Rule 12(b)(6).

The Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated this 12th day of December, 2017.

Ronald B. Leighton
United States District Judge