HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CASEY K CLINE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SAFEWAY INC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-5828 RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND |

THIS MATTER is before the Court on Plaintiff Cline's Motion to Amend his complaint. [Dkt. # 16].

The case involves a slip and fall at a Safeway store. Cline initially named as Doe Defendants (1) an "Employee" who should have seen the spill that caused the accident, and the "Manager" who had a duty to exercise reasonable care in supervising employees, including the one who did not see or clean up the spilled soap that led to Cline's fall. Safeway removed the case on diversity grounds. Cline sought remand, arguing that the employees were Washington citizens. The Court denied the motion because the citizenship of Doe defendants is disregarded for diversity purposes. It invited Cline to re-visit the issue when he identified the employee(s).

Cline now seeks to name as a defendant Karen Ballard, the "Manager" (she is actually the "Assistant Store Director") who assisted him after he fell.

Safeway argues that the deadline for adding parties passed February 1, and that Cline knew of Ballard's identity for a month before that. It argues that she is a "sham" defendant added only to destroy diversity, emphasizing that the only factual allegations against Ballard are that she was a manager, and she saw the soap when she helped Cline.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

A non-diverse defendant that has been "fraudulently joined," may be ignored when the court determines the existence of diversity. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

"Fraudulent Joinder" is a term of art. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)(citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The non-diverse defendant has been fraudulently joined if the plaintiff fails to state a cause of action against that defendant and that failure is obvious according to the settled laws of the state. *McCabe*, 811 F.2d at 1339. The removing defendant is entitled to present facts outside of the complaint to establish that a party has been fraudulently joined. *Id.* Doubt concerning whether the complaint states a cause of action is resolved in favor of remanding the case to state court. *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

Cline has not alleged any facts which plausibly state a claim against Ballard, and he has failed to explain the delay in naming her. For both reasons, the Motion to Amend to add Ballard as a defendant is DENIED.

IT IS SO ORDERED.

Dated this 15th day of May, 2018.

Ronald B. Leighton
United States District Judge